## Setain v. Bailey, Appellant.

*Judgments—Judgments in ejectment — Confession — Waiver of errors.*

A judgment confessed, under a warrant of attorney contained in a lease, which also provided for a waiver of "all right of appeal from, or writ of error or certiorari to, any judgment, order or decree that may be entered against her by any court or magistrate, for rent, damages, possession or otherwise," is final, and the waiver makes the action of the court conclusive, and not subject to review upon appeal.

Argued December 7, 1920. Appeal, No. 338, Oct. T., 1920, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1920, No. 8733, refusing to open a judgment in the case of Gregory Setain v. E. Bailey. Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Appeal quashed.

Rule to open judgment in ejectment.

Motion to quash the appeal.

The facts are stated in the opinion of the Superior Court.

The court refused to open a judgment. Defendant appealed.

*Error assigned* was the order of the court.

*E. Bailey,* attorney pro se, for appellant.

No appearance and no printed brief for appellee.

OPINION BY PORTER, J., July 14, 1921:

Judgment in ejectment, by confession under a warrant of attorney contained in a lease, was entered against

the defendant in the court below. The court refused to open or strike off the judgment, and the defendant appeals, assigning such action for error. The warrant upon which the judgment was confessed contained a waiver of "all right of appeal from, or writ of error or certiorari to, any judgment, order or decree that may be entered against her by any court or magistrate, for rent damages, possession or otherwise." This waiver was carried into and became a part of the judgment in the court below. That such a waiver is binding upon the defendant and renders the action of the court below conclusive and not subject to review upon appeal or otherwise, has been so frequently decided that citation of authority is unnecessary. The appellee moved to quash the appeal and that motion must prevail.

The appeal is quashed.